**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PAT H. HENDERSON** **PLAINTIFF**

**v.** **No. 4:26-CV-873-LPR**

**CLINTON W. LANCASTER, individually;**
**LANCASTER & LANCASTER LAW FIRM, PLLC;**
**CORNERSTONE LAW FIRM, PLLC;**
**JOSPEPH BLAKE SMITH a/k/a "Blake Smith",**
**Individually; FIRST SERVICE BANK'**
**EDDIE RAMSEY, individually; FIDELITY**
**NATIONAL TITLE INSURANCE COMPANY;**
**FIDELITY NATIONAL FINANCIAL, INC.;**
**REBECCA HANEY, individually;**
**CARRIE DRAPER, individually;**
**NATIONAL LAND TENURE, LLC;**
**JOHN DOES 1-10, unknown individuals and entities** **DEFENDANTS**

## MOTION TO DISMISS

**COMES NOW**, Separate Defendant, National Land Tenure, LLC (hereinafter "NLT") and hereby provides notice that it timely filed a Motion to Dismiss the Complaint filed herein by the Plaintiff with the Saline County Circuit Clerk in the lawsuit styled *Henderson v. Lancaster, et al.*. *(Saline County No. 63CV-26-5)*. A true and correct copy of the Motion to Dismiss filed with the Saline County Circuit Clerk is attached hereto and incorporated herein by reference.

**WHEREFORE**, Separate Defendant, National Land Tenure, LLC prays that this Court: *(i)* find that all claims set forth in the Complaint against it are insufficient and should be DISMISSED pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); *(ii)* award it the costs and expenses, including attorneys' fees, incurred in defending itself in this matter; and *(iii)* award it all other relief which this Court deems to be just and equitable.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3493
Phone - (501) 376-2011

*Attorneys for NLT*

By: */s/ Bruce B. Tidwell*
Bruce B. Tidwell, AR Bar No. 96115
E-Mail – btidwell@fridayfirm.com
Direct Phone – (501) 370-1496

Katie Beth Nichols, AR Bar No. 2024140
E-Mail – kbnichols@fridayfirm.com
Direct Phone – (501) 370-1453

## CERTIFICATE OF SERVICE

I, Bruce B. Tidwell, hereby certify that I have served a copy of the foregoing upon the following attorneys or record through the PACER filing system and/or as indicated below on this 25th day of August, 2026:

Luther Oneal Sutter
Lucien Gillham
Sutter & Gillham, PLLC
310 Natural Resources, Suite 2
Little Rock AR 72207
Lucien.gillhamlaw@gmail.com
Luther.sutterlaw@gmail.com
*Attorneys for Plaintiff*

Donald M. Spears
113 South Market Street
Benton, Arkansas 72015
dspearslaw@gmail.com
*Attorney for Eddie Ramsey*

Dylan Botteicher
Rachel Harper (Key)
COX, STERLING, VANDIVER,
& BOTTEICHER, PLLC
8201 Cantrell Rd., Suite 330
Little Rock, AR 72227
djbotteicher@csmfirm.com
rharper@csmfirm.com
*Attorneys for Carrie Draper*

David M. Donovan
WDTC Law, P.A
2120 Riverfront Drive, Suite 275
Little Rock, AR 72202
david.donovan@wdtc.law
*Attorneys for Clinton W. Lancaster*

Jeff Rosenzweig
300 S Spring St, Ste 310
Little Rock AR 72201
jrosenzweig@att.net
*Attorney for Lancaster & Lancaster Law*
*Firm, PLLC, d/b/a Cornerstone Law Firm, PLLC*

Amanda N. Crouch | Partner
Scott Wheatley
Jackson Walker LLP
1900 Broadway, Suite 1200
San Antonio, TX 78215
*Attorneys for Fidelity Defendants and Rebecca Haney*

*/s/ Bruce B. Tidwell*____________

ELECTRONICALLY FILED
Saline County Circuit Court
Myka Bono Sample, Circuit Clerk
2026-Aug-24 16:07:25
63CV-26-5
C22D02 : 14 Pages

**IN THE CIRCOUT COURT OF SALINE COUNTY, ARKANSAS**
**CIVIL DIVISION**

**PAT H. HENDERSON** **PLAINTIFF**

**v.** **No. 63CV-26-5**

**CLINTON W. LANCASTER, individually;**
**LANCASTER & LANCASTER LAW FIRM, PLLC;**
**CORNERSTONE LAW FIRM, PLLC;**
**JOSPEPH BLAKE SMITH a/k/a "Blake Smith",**
**Individually; FIRST SERVICE BANK'**
**EDDIE RAMSEY, individually; FIDELITY**
**NATIONAL TITLE INSURANCE COMPANY;**
**FIDELITY NATIONAL FINANCIAL, INC.;**
**REBECCA HANEY, individually;**
**CARRIE DRAPER, individually;**
**NATIONAL LAND TENURE, LLC;**
**JOHN DOES 1-10, unknown individuals and entities** **DEFENDANTS**

# MOTION TO DISMISS

**COMES NOW**, Separate Defendant, National Land Tenure, LLC (hereinafter "NLT") and for its Motion to Dismiss the Complaint filed herein by the Plaintiff, states as follows:

## INTRODUCTION

**1.** In its Complaint, the Plaintiff seeks to assert claims against NLT based on it allegedly serving as an "escrow and/or closing agent in transactions involving SQRL-related properties, including the England and Bryant properties." *Complaint, ¶ 13.*

**2.** At no point in the Complaint does the Plaintiff allege that he had any ownership interest in either the England or Bryant properties. In fact, the Plaintiff specifically alleges that Files Development, LLC, was the rightful owner of the England and Bryant properties. *Complaint, ¶ 68.*



51758.0001\13342506.v1

**3.** Files Development, LLC, is currently pursuing litigation regarding title to the England and Bryant properties before the Lonoke County Circuit Court in a case *styled Files Development, LLC v. Smith, et al. (Lonoke County No. 43CV-24-740)*.

**4.** In the pending Lonoke County litigation, counsel for the Plaintiff also represents Files Development, LLC.

**5.** For the reasons noted herein, the Complaint fails to state causes of action against NLT and should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

CLAIMS NOT ASSERTED AGAINST NLT

**6.** Of the twelve (12) different claims asserted in the Complaint, the plain language of the following four (4) claims specifically states that they are not being asserted against NLT:

Count I Legal Malpractice/Professional Negligence

Count II Breach of Fiduciary Dury/Fraudulent Concealment

Count XI Breach of England Project Agreements

Count XII Negligent Supervision and Retention

7. Both Counts I and II are based on the alleged legal representation of the Plaintiff, but the Complaint fails to make any allegations that NLT had any involvement in the legal representation of the Plaintiff.

**8.** Likewise, with regard to Counts XI and XII, the Complaint fails to allege that NLT was a party to any alleged contract regarding the England property or that NLT had any supervisory authority over Eddie Ramsey.

**9.** When a complaint fails to set forth facts establishing grounds for relief against a party, dismissal of the party pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6) is an

appropriate remedy. *Ballard Group, Inc. v. BP Lubricants USA, Inc., 2014 Ark. 276, *6, 436 S.W.3d 445, 449.*

**10.** Due to the failure to allege any facts necessary to establish claims against NLT under Counts I. II, XI or XII, all four (4) of those claims should be DISMISSED as against NLT pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

NO DUTY OWED BY NLT

**11.** As noted previously herein, the Plaintiff's claims against NLT are based on NLT allegedly serving as an "escrow and/or closing agent in transaction involving SQRL-related properties, including the England and Bryant properties." *Complaint, ¶ 13.*

**12.** However, with regard to the duties owed by an escrow agent, the Arkansas Court of Appeals explained as follows in a 2010 opinion:

> In order to prove negligence, there must be a failure to exercise proper care in the performance of a legal duty that the defendant owed the plaintiff under the circumstances surrounding them. *Marlar v. Daniel, 368 Ark. 505, 247 S.W.3d 473 (2007).* The law of negligence requires as essential elements that the plaintiff show that a duty was owed and that the duty was breached. *Id.* The question of what duty, if any, is always a question of law and never one for the jury. *Id.* Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other. *Id.* If no duty of care is owed, summary judgment is appropriate. *Id.*

*Wochos v. Woolverton, 2010 Ark. App. 802, *16, 378 S.W.3d 280, 289-290.*

**13.** As to the particular duty of the escrow agent that was owed, the Court of Appeal in the *Wochos* case further explained:

> An escrow agent is the agent of both the buyer and the seller and is charged with the duty of carrying out the terms and conditions of the escrow agreement. *Collins v. Heitman, 225 Ark. 666, 284 S.W.2d 628 (1955).* As such, it is in a relation of confidence, which it cannot violate to its own advantage or to the detriment of either principal. *Id.* The escrow agent is a fiduciary and is required to exercise reasonable skill and ordinary diligence in carrying out his or her responsibilities and must conduct the affairs with which he or she is entrusted with scrupulous honesty, skill, and diligence. *28 AM.JUR.2d Escrow § 26 (2000).*

*Wochos, 2010 Ark. App. 802, *15, 378 S.W.3d 280, 289.*

**14.** In the current case, the pleadings are clear that the Plaintiff was neither the buyer nor the seller of either the England property or the Bryant property.

**15.** Based on the holding in the *Wochos* case and the facts presented in the Complaint, NLT did not owe a duty to the Plaintiff related to the closings for either the England property or the Bryant property.

**16.** "The law of negligence requires as an essential element that the plaintiff show that a duty of care was owed." *Lewis v. AT&T Mobility, 2011 Ark. App. 756, *4, 387 S.W.3d 234, 237.*

**17.** As the controlling Arkansas case law confirms that NLT did not owe a duty to the Plaintiff related to either the England property or the Bryant property, the negligence claim against NLT asserted as Count IX in the Complaint should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

**18.** Additionally, despite NLT owing no duty to the Plaintiff under applicable Arkansas law, the Plaintiff still tries to assert a claim for unjust enrichment (Count X) against NLT.

**19.** Without a specific allegation of the alleged acts of NLT supporting such a claim, the Plaintiff only makes a conclusory allegation that the Defendant benefited from title and escrow services that facilitated forged-deed transactions. *Complaint, ¶ 151.*

**20.** In addition to failing to plead sufficient facts to establish an unjust enrichment claim against NLT, the Plaintiff cannot use the equitable remedy of unjust enrichment to create a claim against NLT that is barred as a matter of law. *See, KBX, Inc. v. Zero Grade Farms, 2022 Ark. 42, 639 S.W.3d 352.*

**21.** The Complaint does not allege that Henderson paid NLT any money, transferred any property to NLT, purchased any services from NLT, or otherwise conferred any benefit upon NLT. Instead, Plaintiff alleges only that Defendants were enriched by "[b]enefitting from title and escrow services that facilitated forged-deed transactions." *Complaint, ¶ 151(c)*. But that allegation does not identify what benefit NLT itself received, much less a benefit conferred upon NLT by Henderson. NLT's alleged provision of escrow services to other parties does not constitute enrichment at Henderson's expense.

**22.** In fact, Plaintiff alleges that Files Development, not Henderson, owned the England and Bryant properties involved in the February 2024 closing. *Complaint*, ¶¶ 68, 74. Thus, even accepting Plaintiff's allegations concerning the closing as true, any benefit that allegedly flowed from the transfer of those properties would have been obtained at the expense of Files Development, not Henderson.

**23.** Nor may Plaintiff use unjust enrichment as an equitable means of imposing liability where the alleged benefit and obligations arise from contractual or transactional relationships among other parties. Arkansas law recognizes that a quasi-contractual claim is unavailable where an express contract governs the subject matter, including where the plaintiff seeks recovery from a third party who was not itself a party to the contract. *KBX, 2022 Ark. 42, at 20–21, 639 S.W.3d at 365–66; Servewell Plumbing, LLC v. Summit Contractors, Inc., 362 Ark. 598, 612–13, 210 S.W.3d 101, 112 (2005).*

**24.** Because Plaintiff does not allege that he conferred any benefit upon NLT that equity requires NLT to restore to him, the unjust enrichment claim asserted against NLT in Count X in the Complaint should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

INSUFFICIENT ALLEGATIONS OF FRAUD OR DECEPTIVE TRADE PRACTICES

**25.** ARKANSAS RULE OF CIVIL PROCEDURE 9(b) provides that when alleging fraud, "a party must state with particularity the circumstances constituting fraud . . .."

**26.** The requirement for pleading a claim for fraud under the similarly worded FEDERAL RULES OF CIVIL PROCEDURE has been explained as follows by the 8th Circuit:

> A complaint alleging fraud "must state with particularity the circumstances constituting fraud or mistake." *Fed.R.Civ.P 9(b).* The complaint must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel Co. v. Golden Sky Sys. Inc., 298 F.3d 736, 746 (8th Cir. 2002).* The complaint must plead the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006).* "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the Rule." *Schaller, 298 F.3d at 746.*

*Ambassador Press, Inc. v. Durst Image Technology U.S., LLC, 949 F.3d 417, 421 (8th Cir. 2020).*

**27.** A plain reading of the Complaint reveals that the Plaintiff totally fails to provide any details of the "who, what, where, when and how NLT allegedly defrauded him. *See, Complaint ¶¶ 121-127.*

**28.** In its Complaint, the Plaintiff makes the conclusory allegation lumping NLT in with allegations against other Defendants, but fails to make the required specific allegations against NLT. *Complaint, ¶ 122.*

**29.** Conclusory allegations are insufficient to satisfy the specificity requirements of ARKANSAS RULE OF CIVIL PROCEDURE 9(b).

**30.** As the Complaint fails to adequately plead fraud with specificity, Count V of the Complaint against NLT should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

**31.** Similarly, with regard to his Deceptive Trace Practice Claim (Count VI), the Plaintiff fails to alleged any specific actions that NLT allegedly took which qualify as as unconscionable, false or deceptive practice.

**32.** Again, the Complaint only makes conclusory allegations lumping together NLT and all other Defendants. *Complaint, ¶ 130.*

**33.** "Where the complaint states only conclusions without facts, we will affirm the trial court's decision to dismiss the complaint pursuant to RULE 12(b)(6*)." Ballard Group, Inc. v. BP Lubricants USA, Inc., 2014 Ark. 276, *6, 436 S.W.3d 445, 449.*

**34.** As the Complaint fails to provide anything but conclusory allegations to support the Plaintiff's Deceptive Trade Practice claim, Count VI of the Complaint against NLT should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

NO FACTS PLED TO SUPPORT FORGERY RELATED CLAIMS

**35.** Counts VII and VIII of the Complaint seek to assert claims against NLT based on violation of an Arkansas criminal statute relating to the filing of forged title instruments. *Complaint, ¶¶ 134-144.*

**36.** Count VIII seeks to assert a claim for filing of a false instrument pursuant to ARK, CODE ANN. §5-37-226 and Count VII then seeks to assert a civil claim based on violation of that same statute based on its violation allegedly being a felony.[1]

**37.** ARK. CODE ANN. §5-37-226(a) provides that it is a Class A misdemeanor for a Person "with the knowledge of the instrument's lack of authenticity or genuineness to have placed

---

[1] In his Complaint, the Plaintiff asserts that: "Arkansas law authorized a civil action by victims of felonies . . .." *Complaint, ¶ 134.* ARK. CODE ANN. 16-118-107 does provide: "Any person injured or damaged by reason of conduct of another person that *would constitute a felony* under Arkansas law may file a civil action to recover damages based on the conduct." *(emphasis supplied)*

of record in the office of the county recorder . . . any instrument" clouding of adversely affecting the title to real property.

**38.** As is the case throughout the Plaintiff's Complaint, no factual allegations are pled to establish a violation of ARK. CODE ANN. §5-37-226(a) by NLT – causing an instrument to be placed of record with the county recorder.

**39.** Again, the Plaintiff resorts to merely making conclusory allegations that lump NLT together with all other Defendants in seeking to assert a cause of action for violation of ARK. CODE ANN. §5-37-226(a). *Complaint, ¶ 141.*

**40.** Because only conclusory allegations are made in Count III support of the claim based on ARK. CODE ANN. §5-37-226(a), Count VIII of the Complaint against NLT should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

**41.** Further, Count VII of the Complaint seeking to assert a separate cause of action based on commission of alleged felony, the plain statutory language of ARK. CODE ANN. §5-37-226(b)(2) confirms that no such cause of action lies under Arkansas law.

**42.** Violation ARK. CODE ANN. §5-37-226 can rise to a Class C Felony, but only if the person recording the instrument is either:

(A) A judge or other court personnel;
(B) A prosecuting attorney or deputy prosecuting attorney;
(C) A state, county, or municipal law enforcement officer or jailer;
(D) An employee of the Division of Correction;
(E) An employee of the Division of Community Correction;
(F) A judge, prosecuting attorney, deputy prosecuting attorney, law enforcement officer, or jailer from another state, the District of Columbia, the Commonwealth of Puerto Rico, or a territory of the United States;
(G) A person elected to a federal, state, or local position; or
(H) A person employed by the Attorney General.

**43.** In the instant case, it is undisputed that NLT is not within the list of persons included in ARK. CODE ANN. §5-37-226(b)(2).

**44.** As the allegations in the Complaint are insufficient to establish any actions on the part of NLT that could even potentially rise to the level of a felony in Arkansas under ARK. CODE ANN. §5-37-226, Count VII of the Complaint should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

NO FACTS PLED TO SUPPORT RICO CLAIMS

**45.** To state a claim under § 1962(c), a plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *H & Q Props., Inc. v. Doll, 793 F.3d 852, 855-56 (8th Cir. 2015).* RICO does not reach every instance of alleged wrongdoing; it is directed at organized, long-term, habitual criminal activity. *Id.* Failure to adequately plead any one element defeats the claim. *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1028 (8th Cir. 2008).*

**46.** The Supreme Court has remarked that "[t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." *United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 2529, 69 L.Ed.2d 246 (1981).* An enterprise must have, at a minimum, (1) a common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering. *Handeen v. Lemaire, 112 F.3d 1339, 1351 (8th Cir. 1997); see also Boyle v. United States, 556 U.S. 938, 946 (2009).* Further, a RICO defendant must have conducted or participated in the conduct of the enterprise's affairs, not merely its own affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

**47.** The Complaint identifies NLT only as an 'escrow and/or closing agent' in transactions involving SQRL-related properties. *Complaint*, ¶ 13. The specific conduct attributed to NLT likewise concerns ordinary closing functions: proceeding with a February 2024 closing,

allegedly relying upon forged or falsified documents, allegedly failing to contact Files Development, and allegedly failing to ensure that existing mortgages were released or paid. *Complaint*, ¶¶ 74, 78, 109(f), 147. Even if those allegations are accepted as true, they describe NLT's performance of its *own* escrow and closing business. They do not establish that NLT operated, managed, directed, or otherwise participated in the enterprise alleged in Count III. Real-estate transactions routinely require lenders, title insurers, escrow agents, notaries, and closing personnel to perform complementary functions. The fact that NLT allegedly supplied a necessary closing service does not establish that it thereby joined or conducted the affairs of a separate enterprise.

**48.** Further, Henderson's Complaint fails to plead the relationships necessary to plausibly connect NLT to that alleged enterprise. The purported association-in-fact includes Smith and SQRL-related entities, Lancaster and his law firms, First Service Bank and Ramsey, the Fidelity Defendants, NLT, Cameron-related entities, and unidentified others. *Complaint*, ¶ 105. But the Complaint does not plead facts showing <u>when</u> or <u>how</u> NLT joined such a group, what relationship NLT had with Lancaster or Ramsey, what role NLT had in Plaintiff's original England investment or the Underlying Litigation, or how NLT participated in events that allegedly occurred years before the February 2024 closing.

**49.** Here, Henderson has merely alleged that NLT had a commercial relationship through which it pursued its own self-interests, "as opposed to acting on behalf of a distinct enterprise" as required by RICO. *See <u>Nestle Purina Petcare Co. v. Blue Buffalo Co</u>., 181 F. Supp. 3d 618, 630-34 (E.D. Mo. 2016).* Courts have rejected this exact theory. *<u>Id</u>. at 631-34*. Even if a RICO enterprise did in fact exist, furnishing a client with ordinary professional assistance does not rise to the level of "participation" in the conduct of the enterprise's affairs sufficient to impose

liability on the company. *See Handeen, 112 F.3d at 1348.* It is not necessary that a RICO defendant have wielded control over the enterprise, but the plaintiff "must prove some part in the *direction* ... of the enterprise's affairs." *Id.* (*citing United States v. Darden, 70 F.3d 1507, 1543 (8th Cir.1995*) (emphasis in original).

**50.** Because only conclusory allegations are made in support of the claim based on ARK. CODE ANN. § 1962(c), Count III against NLT should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

**51.** "When a plaintiff has already established a right to relief under § 1962(c), he may show a conspiracy to violate RICO simply by presenting additional evidence that the defendant entered into an agreement to breach the statute." *Handen, 112 F.3d at 1355.* Because Henderson is unable to establish a RICO claim, Count IV fails for the same reasons and independently fails to plead a RICO conspiracy.

**52.** Paragraph 116's bare assertion that NLT 'agreed' with other defendants to use forged deeds and deceptive escrow practices is unsupported by facts identifying who reached such an agreement on NLT's behalf, with whom the agreement was reached, when or how it was reached, or facts permitting a reasonable inference that NLT knew the scope of the alleged enterprise and intended to further its racketeering activity.

**53.** Because Count III fails and Count IV supplies no facts plausibly showing the requisite agreement, both RICO claims against NLT should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6).

CONCLUSION

**54.** Based on the arguments and controlling Arkansas law referenced in this Motion, all claims and causes of action asserted against NLT should be DISMISSED pursuant to

ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6). In summary, the claims/causes of action asserted and the reasons for dismissal are:

| | | |
|---|---|---|
| Count I | Legal Malpractice | Not Asserted against NLT |
| Count II | Breach of Fid. Duty | Not Asserted against NLT |
| Count III | RICO – 1962(c) | Failure to plead facts to establish participation in an enterprise with particularity. *See Boyle v. United States*, *556 U.S. 938, 946 (2009).* |
| Count IV | RICO – 1962(d) | Failure to plead underlying RICO violation or facts establishing conspiracy. *See Handen, 112 F.3d at 1355.* |
| Count V | Fraud | No factual allegations pled with particularity as required by ARKANSAS RULE OF CIVIL PROCEDURE 9(b) |
| Count VI | Deceptive Trade Practices | Failure to plead factual allegations to support such claim. *See, Ballard Group, Inc. v. BP Lubricants USA, Inc., 2014 Ark. 276.* |
| Count VII | Civil – Forgery | Failure to plead factual allegations to support such claim. *See, Ballard Group, Inc. v. BP Lubricants USA, Inc., 2014 Ark. 276.* |
| Count III | Ark. Code Ann. 5-37-226 | Failure to plead facts to establish a potential felony. *See,* ARK. CODE ANN. §5-37-226 and ARK. CODE ANN. §16-118-107. |
| Count IX | Negligence | No duty owed to the Plaintiff by NLT. *See, Wochos v. Woolverton, 2010 Ark. App. 802.* |
| Count X | Unjust Enrichment | No unjust enrichment when NLT owed no duty to Plaintiff. |
| Count XI | Breach / Contract | Not Asserted against NLT |
| Count XII | Negligent Supervision | Not Asserted against NLT |

**WHEREFORE**, Separate Defendant, National Land Tenure, LLC prays that this Court: *(i)* find that all claims set forth in the Complaint against it are insufficient and should be DISMISSED pursuant to ARKANSAS RULE OF CIVIL PROCEDURE 12(b)(6); *(ii)* award it the costs and expenses, including attorneys' fees, incurred in defending itself in this matter; and *(iii)* award it all other relief which this Court deems to be just and equitable.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3493
Phone - (501) 376-2011

*Attorneys for NLT*

By: */s/ Bruce B. Tidwell*
Bruce B. Tidwell, AR Bar No. 96115
E-Mail – btidwell@fridayfirm.com
Direct Phone – (501) 370-1496

Katie Beth Nichols, AR Bar No. 2024140
E-Mail – kbnichols@fridayfirm.com
Direct Phone – (501) 370-1453

## CERTIFICATE OF SERVICE

I, Bruce B. Tidwell, hereby certify that I have served a copy of the foregoing upon the following attorneys or record through the Arkansas Court Connect system and/or as indicated below on this 24th day of August, 2026:

Luther Oneal Sutter
Lucien Gillham
Sutter & Gillham, PLLC
310 Natural Resources, Suite 2
Little Rock AR 72207
Lucien.gillhamlaw@gmail.com
Luther.sutterlaw@gmail.com
*Attorneys for Plaintiff*

Donald M. Spears
113 South Market Street
Benton, Arkansas 72015
dspearslaw@gmail.com
*Attorney for Eddie Ramsey*

Dylan Botteicher
Rachel Harper (Key)
COX, STERLING, VANDIVER,
& BOTTEICHER, PLLC
8201 Cantrell Rd., Suite 330
Little Rock, AR 72227
djbotteicher@csmfirm.com
rharper@csmfirm.com
*Attorneys for Carrie Draper*

David M. Donovan
WDTC Law, P.A
2120 Riverfront Drive, Suite 275
Little Rock, AR 72202
david.donovan@wdtc.law
*Attorneys for Clinton W. Lancaster*

Jeff Rosenzweig
300 S Spring St, Ste 310
Little Rock AR 72201
jrosenzweig@att.net
*Attorney for Lancaster & Lancaster Law Firm, PLLC, d/b/a Cornerstone Law Firm, PLLC*

/s/ *Bruce B. Tidwell*